PROB 12C
(6/16)

Report Date: July 28, 2022

# United States District Court

#### for the

#### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 28, 2022

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Quincy Deshon Oliver                    Case Number: 0980 2:17CR00022-WFN-5

Address of Offender:                              Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: January 18, 2018

Original Offense:        Conspiracy to Distribute a Controlled Substance Analogue, 4-Fluoroamphetamine,
                         21 U.S.C. §§ 841(a)(1), (b)(1)(c) and 846

Original Sentence:       Prison - 48 months           Type of Supervision: Supervised Release
                         TSR - 36 months

Revocation Sentence:     Prison - 6 months
(December 6, 2021)       TSR - 36 months

Asst. U.S. Attorney:     Caitlin A. Baunsgard          Date Supervision Commenced: May 16, 2022

Defense Attorney:        Kathryn Patricia Lucido       Date Supervision Expires: May 15, 2025

### PETITIONING THE COURT

To issue a **warrant**.

On May 25, 2022, the undersigned officer reviewed a copy of the conditions of supervision with Mr. Oliver as outlined in the judgment and sentence.  Mr. Oliver signed his judgment acknowledging an understanding of those conditions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. |
| | **Supporting Evidence**: It is alleged that Mr. Oliver violated the above-stated condition of supervision by failing to report for a scheduled office appointment on July 13, 2022. |
| | On June 21, 2022, Mr. Oliver was given instructions for reporting to the United States Probation Office on July 13, 2022.  Mr. Oliver confirmed his understanding by accepting the appointment. Regretfully, Mr. Oliver failed to report as directed. The undersigned officer attempted to address this missed appointment with Mr. Oliver in which he stated; "I will not report, I am not going to jail, do what you got to do" and terminated the call. The |

Prob12C
Re: Oliver, Quincy Deshon
July 28, 2022
Page 2

        undersigned officer has not had successful contact with Mr. Oliver since this date.

2      **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

        **Supporting Evidence**: It is alleged that Mr. Oliver violated the above-stated condition of supervision by leaving his residence at Pura Vida sober living on or about July 18, 2022, without authorization from the undersigned officer.

        Specifically, on July 25, 2022, the undersigned officer communicated with the housing manager for Pura Vida sober living. The housing manager stated Mr. Oliver was disruptive in the residence and ultimately removed himself from the home on July 18, 2022, and is no longer living there. Mr. Oliver's placement in this residence will be offered to others as his current whereabouts are unknown.

3      **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try and find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

        **Supporting Evidence**: It is alleged that Mr. Oliver violated the above-stated condition of supervision by leaving his employment with VPI Quality Windows on or about July 4, 2022, and Revive Construction on or about July 18, 2022, without notifying the undersigned officer of these changes.

        Specifically, on July 25, 2022, the undersigned officer contacted the business partner of Revive Construction and learned Mr. Oliver had stopped working for them on July 18, 2022. Additionally, on July 27, 2022, the undersigned officer physically reported to Mr. Oliver's employer, in attempts to connect with him. The undersigned officer communicated with human resources and learned Mr. Oliver was listed as "inactive status" since July 4, 2022, and not currently working.

4      **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: It is alleged that Mr. Oliver violated the above-stated condition of supervision by failing to enter into and complete an approved substance abuse treatment program with Spokane Addiction Recovery Centers (SPARC).

On June 29, 2022, Mr. Oliver was assessed for outpatient treatment services requiring him to attend two sessions weekly. On July 12, 2022, Mr. Oliver left the facility without approval. Furthermore, on July 15, 2022, Mr. Oliver failed to report for his scheduled session. The treatment facility has been unsuccessful in reaching him and he remains in unsatisfactory status based on his failure to engage or attend services.

5   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 test per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Oliver violated the above-stated condition of supervision by failing to report to Pioneer Human Services and or United States Probation Office for random urine sampling on July 11, 13 and 18, 2022.

On July 11, 2022, Mr. Oliver was scheduled for a random urine sample with Pioneer Human Services (PHS). Mr. Oliver failed to report during business hours on that date. The undersigned officer received notification from PHS staff confirming his status as a no-show.

On July 13, 2022, Mr. Oliver was instructed to report to the United States Probation Office to provide a urine sample. Mr. Oliver failed to report on that date as directed.

On July 18, 2022, Mr. Oliver was scheduled for a random urine sample with PHS. Mr. Oliver failed to report during business hours on that date. The undersigned officer received notification from PHS staff confirming his status as a no-show.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 28, 2022

s/Mark E. Hedge

Mark E. Hedge
U.S. Probation Officer

Prob12C
**Re: Oliver, Quincy Deshon**
**July 28, 2022**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Thomas O. Rice*
Thomas O. Rice
United States District Judge

July 28, 2020
Date